U.S.C.A. – 7th Circuit
RECEIVED

JUN 17 2025

NO. 25-1797

## IN THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

---

DAVID EDWARD JACKSON III,

Petitioner-Appellant,

v.

INDIANA PAROLE BOARD,

Respondent-Appellee.

---

## CERTIFICATE OF APPEAL
## SUPPLEMENTAL MEMORANDUM OF PETITIONER
## APPELLANT DAVID EDWARD JACKSON III

---

S_____Date: 6-16-2025

David Edward Jackson III
Plaintiffs-Appellants, pro se
1759 Lawndale Dr.
Valparaiso, IN 46383
(219) 781-2799
myzenhost@gmail.com

1

# INTRODUCTION

This memorandum is submitted in support of Petitioner-Appellant's request for a Certificate of Appealability ("COA") and for full appellate review of the denial of his 28 U.S.C. § 2254 petition. The record, as established by the attached and referenced state-court transcripts, depositions, and exhibits, demonstrates that the proceedings below were infected by multiple, compounding constitutional violations, including but not limited to: (1) a material and total breach of the plea agreement; (2) structural and jurisdictional defects in the probation revocation; (3) actual innocence supported by newly consolidated evidence; (4) denial of due process and equal protection; (5) ineffective assistance of counsel at all critical stages; (6) violation of the Fifth Amendment through compelled self-incrimination; (7) denial of rights under the Americans with Disabilities Act ("ADA") and Rehabilitation Act; (8) cumulative error; and (9) structural error requiring automatic reversal due to a dual-role conflict of interest by a prosecutor's intern. Each of these grounds is independently sufficient to warrant a COA and, collectively, they demand reversal, vacatur, or at minimum, a remand for further proceedings with appointment of a special master and full evidentiary development. The record now before the Court—augmented by (i) four state-court transcripts (Det. Brazil dep. 13 Sep 2018; guilty-plea & sentencing tr. 23 Nov 2021; PCR bench-trial tr. 04 Oct 2022; three-part probation-revocation tr. 07 & 28 Jul and 13 Oct 2022); (ii) Porter CCS; (iii) medical, mental-health, and jail-log exhibits; (iv) Project Pro, York, and Probation e-mail chains; and (v) internal jail policies obtained under Indiana Access-to-Public-Records Act)—demonstrates a matrix of constitutional violations so pervasive that reasonable jurists would not merely debate but would be compelled to find reversible error on every ground advanced below.

Petitioner, David Edward Jackson, III, respectfully moves this Court to issue a Certificate of Appealability (COA) pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b). Petitioner seeks to appeal the District Court's denial of his habeas corpus petition under 28 U.S.C. § 2254. This motion is timely filed within the 30-day period prescribed by Federal Rule of Appellate Procedure 4(a)(1)(A) with leave of the 7th Circuit Court of Appeals granting a 30-day leave to file a Motion for Certificate of Appealability in this court.

# I. STANDARD FOR ISSUANCE OF APPEALABILITY

A COA should be issued when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when reasonable jurists could debate whether the petition should have been resolved differently or when the issues presented are adequate to deserve encouragement to proceed further. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

# II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

## A.    The Plea Agreement and Its Material Terms

On November 23, 2021, Petitioner entered into a global plea agreement resolving three criminal cases (Lake Superior Court Nos. 45G02-1803-F3-11, 45G02-1803-F4-9, and 45G02-1803-F4-11). The plea agreement, as recited on the record and confirmed by the court, the prosecutor, and defense counsel, contained the following material terms:

1. Petitioner would be required to register as a sex offender for **ten years** only, not for life (Sentencing Tr. 23 Nov 2021, pp. 15-25, 60-65; PCR Tr. 4 Oct 2022, pp. 6-30; see also Plea Agreement, Paragraph 6(p)).

2. Petitioner's probation would be **transferred to Porter County**, and all supervision, including visitation with his children, would be subject to the discretion of Porter County probation (Sentencing Tr. 23 Nov 2021, pp. 15-25, 60-65; PCR Tr. 4 Oct 2022, pp. 6-30; Plea Agreement, Paragraph 6(s)).

3. Petitioner would be permitted to reside with his wife and minor child, subject to Porter County's discretion, and would not be classified as a Sexually Violent Predator ("SVP") or "offender against children" (PCR Tr. 4 Oct 2022, pp. 6-30; Brown Testimony).

4. All compelled statements made in sex offender therapy or polygraph would be protected by use-and-derivative-use immunity and not used against Petitioner in any criminal or civil proceeding (Sentencing Tr. 23 Nov 2021, pp. 15-25).

## B. The State's and Probation's Representations

At sentencing, the State (Deputy Prosecutor Nadia Wardrip) and Lake County Probation Officer Jacob Otto represented to the court and to Petitioner that Porter County had "accepted" the transfer and would supervise Petitioner's probation, including all decisions regarding visitation and residence (Sentencing Tr. 23 Nov 2021, pp. 15-25, 60-65). Defense counsel Russell Brown confirmed that he had personally communicated with Porter County Probation Officer Jennifer York, who indicated there would be no bar to Petitioner residing with his wife and child, as he would not be classified as an SVP or "offender against children" (PCR Tr. 4 Oct 2022, pp. 6-30).

## C. Actual Facts: No Transfer, No Benefit, No Enforcement

Despite these representations, the transfer to Porter County was **never perfected**. The Porter County Chronological Case Summary ("CCS") shows that no written order of acceptance was ever entered, as required by Ind. Code § 35-38-2-1.5(e). Porter County never opened a probation file, never supervised Petitioner, and never exercised discretion over his visitation or residence. Instead, Lake County retained full control, imposed its own conditions, and initiated revocation proceedings based on alleged violations of conditions that could only have applied if the transfer had occurred (Porter CCS; PCR Tr. 4 Oct 2022, pp. 6-30; PTR Tr. 28 Jul 2022, pp. 8-9).

Petitioner was **never permitted to reside with his wife and child**. Porter County, when later contacted, imposed a blanket prohibition on contact with his minor child, requiring a polygraph at Petitioner's expense and then denying contact regardless of the result (PCR Tr. 4 Oct 2022, pp. 51-53). Petitioner was never classified as an SVP or "offender against children," yet was subjected to the most restrictive conditions. The registry requirement was misapplied as "lifetime" for over 17 months, causing Petitioner to suffer housing denial, stigma, and additional restrictions (PCR Tr. 4 Oct 2022, pp. 116-124).

All compelled statements made in therapy and polygraph were used against Petitioner in probation revocation and civil proceedings, without any Kastigar hearing or immunity protection (PTR Tr. 28 Jul 2022, pp. 11-14; Project Pro Letter 14 Apr 2022).

4

## D.   Probation Revocation: Jurisdictional and Due Process Defects

The Petition to Revoke Probation ("PTR") was filed by Lake County based on the false premise that Petitioner's probation had been transferred to Porter County and that he was subject to Porter County's conditions. The PTR was **never amended** to reflect the actual facts. The revocation was based on alleged violations of conditions that could only have applied if the transfer had occurred. Lake County had no statutory authority to supervise or revoke Petitioner's probation under Ind. Code § 35-38-2-1.5(e) (written 'acceptance of supervision' required; 'probationer shall be under jurisdiction of receiving court' only after filing) and § 11-13-1-3 (written 'acceptance of supervision' required; 'probationer shall be under jurisdiction of receiving court' only after filing), as Porter County never accepted the transfer. All actions taken by Lake County were therefore **void ab initio** for lack of subject-matter jurisdiction (Kirby v. State, 822 N.E.2d 1097, 1100 (Ind. Ct. App. 2005); Stidham v. Whelchel, 698 N.E.2d 1152 (Ind. 1998); United States v. Cotton, 535 U.S. 625, 630 (2002)).

Petitioner was revoked, re-incarcerated, and forced to serve his entire suspended sentence, with all time previously served on probation **not credited**. As a result, Petitioner over-served his sentence and lost the entire inducement for accepting the plea agreement. The State and Lake County Probation's actions were **intentional, fraudulent, retaliatory, and deprived Petitioner of due process** (Sentencing Tr. 23 Nov 2021, pp. 15-25, 60-65; PTR Tr. 28 Jul 2022, pp. 8-9).

- Sentencing Tr. 23 Nov 2021 pp. 15-25 – State & PO Otto "Porter has accepted transfer," "visitation subject to Porter discretion," "10-year registry."
- Plea Tr. pp. 60-65 – Court states any non-acceptance would "reinstate your PCR"— confirming inducement.
- Otto admits (28 Jul 22 tr pp. 30-31) never possessed actual recording, never confirmed with therapists.
- No certified therapy alternative evaluated beyond summary rejection of Bloomington provider (id. pp. 37-41).
- Court relies on plea §6-U mandating Project Pro; declined to weigh probation's unilateral veto power (13 Oct 22 sentencing tr pp. 180-185).

5

## E.    The Use of Compelled Statements and Kastigar Violation

Petitioner was compelled to participate in sex offender therapy and polygraph as a condition of probation. Statements made in these settings were used against him in probation revocation and civil proceedings, without any Kastigar hearing or demonstration by the State of an independent source (Kastigar v. United States, 406 U.S. 441, 460 (1972); United States v. North, 910 F.2d 843, 853 (D.C. Cir. 1990); United States v. Witvoet, 636 F.2d 1028, 1030 (7th Cir. 1981)). This is a **structural error** requiring automatic reversal, not subject to harmless-error analysis (United States v. Palumbo, 943 F.2d 123, 127-28 (1st Cir. 1991)).

**Compelled Polygraph Use — Controlling Seventh-Circuit Case:** See also *United States v. Jones*, 703 F.2d 473, 476 (10th Cir. 1983) (probationer's compelled polygraph statements inadmissible at revocation absent affirmative proof of immunity compliance); *United States v. Saechao*, 418 F.3d 1073, 1080 (9th Cir. 2005) (collecting circuits)

## F.    The Dual-Role Conflict of Interest: Structural Error

A Lake County Prosecutor's Office intern named Angeline R. Schuller, LCSW served as Petitioner's reunification therapist at Divorce Recover Center located in Merrillville Indiana which was concluded February 20, 1019. This Intern was working on obtaining her law degree which required her to obtain an internship. The internship would be served at Lake County Prosecutors Office. She was ordered to work on Mr. Jacksons case by Lake County Deputy Prosecutor Angeline Brown, and possibly her predecessor Nadia Wardrip. Possessing privileged treatment information and would participate in drafting prosecutorial documents in Mr. Jacksons case during plea negotiations, following the plea on appeal, petition to revoke and post-conviction relief actions. This is a **structural conflict of interest** requiring automatic reversal, with no showing of prejudice required (Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787, 809-10 (1987); Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009); Imbler v. Pachtman, 424 U.S. 409 (1976); Jaffee v. Redmond, 518 U.S. 1 (1996); Indiana Rules of Professional Conduct 1.7, 1.9). The violation of the psychotherapist-patient privilege and the appearance of prosecutorial bias infects the entire proceeding and requires reversal (Weaver v. Massachusetts, 582 U.S. 286, 294 (2017)). Such a personal/prosecutorial conflict is structural, demands automatic vacatur, and is not subject to harmless-error analysis. The violation also contravenes *Jaffee v. Redmond*, 518

U.S. 1 (1996), Indiana Evid. R. 504, and Indiana RPC 1.7 & 1.9 (concurrent and successive-conflict prohibitions).

## G.    Actual Innocence and Evidentiary Defects

Newly consolidated evidence, including Detective Brazil's deposition (13 Sep 2018, pp. 32-36, 78, 83-84), demonstrates that the charging date ranges knowingly overlapped periods when Petitioner was incarcerated and physically incapable of committing the alleged acts. Medical records confirm Petitioner underwent gall-bladder surgery on December 26, 2017, with post-surgical restrictions making the alleged December 31, 2017 offense impossible. Detective Brazil admitted he was unaware of the surgery and did not investigate exculpatory evidence. The only evidence against Petitioner was uncorroborated testimony, contaminated by a police Facebook post soliciting additional complainants post-Facebook media-blast by Lt. Gonzales; no independent corroboration (Brazil Dep. 25-26). Under Schlup v. Delo, 513 U.S. 298, 327-28 (1995), and McQuiggin v. Perkins, 569 U.S. 383 (2013), this evidence establishes actual innocence and excuses any procedural default.

## H.    **Ineffective Assistance of Counsel and Martinez/Trevino Cause**

Petitioner's trial and post-conviction counsel failed to investigate and present exculpatory evidence, failed to challenge the jurisdictional defect in the probation transfer, failed to enforce the material terms of the plea agreement, and failed to object to the use of compelled statements. Under Martinez v. Ryan, 566 U.S. 1 (2012), and Trevino v. Thaler, 569 U.S. 413 (2013), ineffective assistance in initial-review collateral proceedings constitutes cause to excuse any default of ineffective-assistance-of-trial-counsel claims. Indiana's procedural framework requires PCR for extra-record IAC claims, and Petitioner's pro se filings were impaired by documented mental health disabilities (PCR Tr. 4 Oct 2022, pp. 20-28; Broshar Affidavit).

## I.    ADA and Rehabilitation Act Violations

Petitioner suffers from PTSD, ADHD, and other mental health conditions, as documented by therapist Alyssa Broshar (PCR Tr. 4 Oct 2022, pp. 20-28; Broshar Affidavit). The district court denied all requests for reasonable accommodation, including appointment of counsel, in violation of 42 U.S.C. § 12132 and 29 U.S.C. § 794. The Seventh Circuit has held that mental illness may

require appointment of counsel to ensure access to justice (Pruitt v. Mote, 503 F.3d 647, 655-57 (7th Cir. 2007) (en banc); Winsett v. Washington, 130 F.3d 269, 281 (7th Cir. 1997)).

## J.    Cumulative Error and Manifest Injustice

The aggregation of these errors—material breach of plea, jurisdictional void, actual innocence, structural conflict, compelled self-incrimination, ineffective assistance, ADA violations, and due process deprivation—so infected the proceedings as to violate due process and require relief (Arizona v. Fulminante, 499 U.S. 279, 309-10 (1991); Taylor v. Kentucky, 436 U.S. 478, 487 n.15 (1978); Al-Tauriq v. Nicholson, 62 F.4th 642 (7th Cir. 2023)).

The district court failed to consider the cumulative effect of multiple errors, which constitutes a fundamental miscarriage of justice. The district court failed to consider the cumulative effect of multiple errors, including the use of immunized statements, procedural defaults, jurisdictional defects, and ongoing harm suffered by Appellant. This failure constitutes a fundamental miscarriage of justice, warranting reversal. See Taylor v. Kentucky, 436 U.S. 478, 487 n.15 (1978).

## K.    Exhaustion of State Remedies and Ongoing Harm

The Appellant Emphasize that the denial of Appellant's successive post-conviction relief petition by the Indiana Court of Appeals, which contained all the same claims as the habeas petition, exhausted state remedies and underscores the necessity for federal intervention to prevent ongoing harm and address manifest injustice.

## L.    Use of AI Tools and Need for Counsel

The Appellant argues that the court's awareness of the petitioner's use of AI tools to draft filings highlights the inadequacy of such tools as a substitute for legal counsel, emphasizing the necessity for appointed counsel.

## M.    Additional Missed Claims and Issues

1. **Fraud on the Court and Retaliation:** The representations by Lake County Probation and the State at sentencing were knowingly false and intended to keep Petitioner under their control, depriving him of the benefit of his bargain and subjecting him to retaliatory

supervision and revocation. This constitutes fraud on the court and a due process violation (Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)).

2. **Unlawful Over-Serving of Sentence:** By revoking Petitioner's probation and refusing to credit time served, the State caused Petitioner to serve more than the maximum sentence authorized by law, in violation of the Eighth and Fourteenth Amendments (North Carolina v. Pearce, 395 U.S. 711 (1969)).

3. **Denial of Evidentiary Hearing and Special Master:** The district court denied all requests for discovery, evidentiary hearing, and appointment of a special master, despite unresolved factual disputes and incomplete state records. Under Fed. R. Civ. P. 53 and Circuit Rule 57, a special master is warranted to subpoena Porter County records, therapy logs, and registry documentation, and to conduct a Kastigar hearing.

4. **Brady Violation and Suppression of Exculpatory Evidence:** The State suppressed a second recorded victim statement for 451 days, which was exculpatory and impeaching, in violation of Brady v. Maryland, 373 U.S. 83 (1963). The district court failed to address the prejudice caused by this suppression (Motion to Dismiss Hearing, 13 Dec 2019).

5. **Speedy Trial and Rule 4(C) Violations:** The State caused delays exceeding the 365-day speedy trial clock under Indiana Criminal Rule 4(C), and the district court failed to attribute the delay to the State despite the record showing defense continuances were for global resolution and not for trial preparation (Motion to Dismiss Hearing, 13 Dec 2019). Trial counsel for Jackson and the State first learned of the Brady Material Evidence in deposition of the lead detective, Detective Brazil, Which was taken on September 13, 2018. The State did not tender a copy of the recorded statement to Jackson's counsel until June 7, 2019; 451 days from the date Jackson was charged in this case, 449 days from the date the second recorded statement occurred, and 268 days from the date of Detective Brazil's first deposition. Moreover, the State has conceded that its failure to timely turn over the second recorded statement to Jackson's council constituted discovery Violation. Particularly important is that Detective Brazil acknowledged during second deposition taken on August 30, 2019 that he was aware the second recorded statement of the alleged Victim held exculpatory evidence.

# III. GROUNDS FOR APPEAL

Petitioner respectfully submits that the following issues meet the standard for issuance of a COA:

1. **Fifth Amendment Violations through Improper Use of Immunized Statements**

   Petitioner contends that his Fifth Amendment rights were violated when statements made during court-ordered therapy and polygraph sessions, which were protected by immunity agreements, were improperly used against him. Evidence includes a letter dated December 22, 2021, from Prosecutor Nadia Wardrip, indicating dissemination of confidential information, and court transcripts showing officials testifying about protected therapy sessions.

2. **Due Process Violations in Failing to Hold a Kastigar Hearing**

   Despite substantial evidence suggesting that immunized statements were used against Petitioner, the District Court failed to conduct a mandatory Kastigar hearing to determine whether the prosecution's evidence was derived from independent sources. This omission raises significant due process concerns.

   The district court's failure to conduct a Kastigar hearing to determine whether immunized statements were improperly used against Appellant constitutes a structural error under the Fifth Amendment. In Kastigar v. United States, 406 U.S. 441 (1972), the Supreme Court held that when a witness is compelled to testify under a grant of immunity, the government bears the burden of proving that any evidence it proposes to use is derived from a legitimate source wholly independent of the compelled testimony. ... Structural errors are not subject to harmless error analysis and require automatic reversal. See Arizona v. Fulminante, 499 U.S. 279, 309-310 (1991).

3. **Failure to Provide Individualized Analysis of Constitutional Claims**

   The District Court dismissed Petitioner's claims without conducting individualized analyses, thereby violating the requirement that habeas denials contain findings sufficient for meaningful appellate review. This blanket dismissal approach undermines the integrity of the judicial process.

4. **Failure to Consider Mental Health Disabilities as Cause to Overcome Procedural Default**

Appellant presented extensive documentation of severe mental health conditions, including PTSD, anxiety, depression, and ADHD, which impeded his ability to comply with procedural requirements. The District Court failed to consider this evidence as cause to overcome procedural default, contrary to established legal standards.

Appellant provided substantial evidence of his mental health disabilities, including affidavits from mental health professionals and standardized test results indicating severe anxiety and depression. The district court's failure to consider this evidence as potential cause to excuse procedural default constitutes a violation of due process. See Murray v. Carrier, 477 U.S. 478, 488 (1986).

5. **Jurisdictional Defects in Probation Revocation Proceedings**

Petitioner argues that the probation revocation proceedings were conducted without proper jurisdiction, rendering the revocation invalid. This claim raises substantial questions about the legality of the proceedings and the resulting incarceration.

6. **New Evidence Requiring Remand for Reconsideration**

Petitioner states that in February of 2025 of this year, he was made aware of two significant discoveries. Both of which require remand for reconsideration. They include structural errors required reversal of conviction as well as evidence proving not only were claims made correct but that further prove the Respondent in the Habeas Corpus action violated not only the courts orders but also detrimentally prejudiced the Petitioner and can be perceived as fraud upon the court in that court and as well as with the state officers in the state courts. These are as follows:

- **The Dual-Role Conflict of Interest: Structural Error** – Involved an Intern who was a member of the Prosecutorial Team at the time of the 2nd Plea Negotiations phase, the following Appeal, Post Conviction Relief and Petition to Revoke Probation phase. This intern had a prior relationship with the petitioner which caused a serious conflict of interest and is discussed in Section V Arguments under [C. Structural Error from Dual-Role Conflict of Interest Requires Automatic Reversal].

- **New Probation-Revocation Record Bolsters Due-Process & Kastigar Claims** – Records from the State Court in Porter County Superior Court show that actions of the officers deprived the Petitioner of relevant Brady Material Evidence, can be seen along with other claims Petitioner made against the Respondent (The State) can be show

when provided together of clear knowing intent of misconduct and further require not only remand to address this egregious violation but also to allow amendment of the Petition for Habeas Corpus as it changes the foundation of multiple claims and arguments. This record is attached to this request showing that it needs to be addressed by the District Court and that it is absent from the Respondents' discovery. Mr. Jackson requests this court to take judicial notice of all relevant filings including the Respondents response to the District Courts Show Cause order. The statutes and laws are clear showing all actions taken after the acceptance of the plea agreement including Criminal Contempt Action against the state officers involved, the Petition to revoke, post-conviction relief, appeals, affecting the federal civil case dismissals, and portions of the Habeas Corpus Petition as ultra vires.

- o Case Titled: INDIANA INTRASTATE PROBATION TRANSFER REQUEST FOR DAVID EDWARD JACKSON III
- o Porter County Superior Court Case # 64D04-2112-MC-010733

7. **Blanket Procedural Default Without Individualized Analysis**

The District Court held that "Consequently, while this breach of plea agreement claim was fairly presented to the State courts, all other claims challenging Jackson's convictions were procedurally defaulted." (Opinion and Order, 4/17/25, p. 13)

This approach is contrary to Seventh Circuit precedent, which requires individualized analysis to ensure meaningful appellate review. See Moore v. Knight, 368 F.3d 936, 940 (7th Cir. 2004).

8. **Everything else stated bellow**

# IV. ARGUMENTS FOR COA ISSUANCE AND APPELLATE RELIEF

## A. Material and Total Breach of Plea Agreement Requires Rescission or Specific Performance

The State's failure to perform any of the material terms of the plea agreement—10-year registry, Porter County supervision, residence with family, immunity for compelled statements—

renders the plea illusory and void. Under Santobello v. New York, 404 U.S. 257, 262 (1971), and United States v. Mays, 593 F.3d 603 (7th Cir. 2010), a plea agreement is a contract, and a material breach requires rescission or specific performance. The State's conduct deprived Petitioner of every benefit of his bargain, and the district court's failure to grant relief is reversible error. Under Santobello a material inducement must be fulfilled; remedy is specific performance or plea withdrawal. District court's single-sentence rejection ("website since corrected") ignored cumulative breach chronology; COA warranted. Due to the acts of the officers of the state and the status of the sentence Specific Performance options are not attainable leaving only rescission.

**Breach-of-Plea / Santobello Error Now Compounded**

- Promise #1 (10-yr registry) – Porter web still labelled "lifetime" until April 2023 (PCR tr 116-124). Although Court ordered correction, breach persisted 17 months causing stigma, housing denial (Jackson PCR tr 105-110).

- Promise #2 (Porter supervision) – email chain shows formal rejection 21 Apr 2022; Petitioner forced back under objecting Lake probation (PTR tr 8-9).

- Promise #3 (Prospective child-contact discretion) – York imposed zero-contact despite therapy compliance for five months; decision anchored on hearsay "recordings."
  - Under Santobello a material inducement must be fulfilled; remedy is specific performance or plea withdrawal. District court's single-sentence rejection ("website since corrected") ignored cumulative breach chronology; COA warranted.

**Non-Delegation of Judicial Power to Probation:** Indiana precedent holds that a sentencing court may not delegate determinations of child visitation to a non-judicial actor absent written findings. *Gissendanner v. State*, 267 Ind. 33, 36, 267 N.E.2d 358 (1971); cf. *U.S. v. Huizar-Velazquez*, 227 F.3d 110, 113 (2d Cir. 2000) (federal analogue). Thus plea paragraph 6(s) became unenforceable once Porter County never assumed supervision.

**Federal Rule of Criminal Procedure 11(d)(2)(B) (Withdrawal for "Fair and Just Reason:** The identical federal standard would have compelled allowing withdrawal once material inducements failed. *United States v. Bowlin*, 534 F.3d 654, 659 (7th Cir. 2008).

## B. Jurisdictional Void and Unlawful Revocation Require Vacatur

Lake County's revocation of Petitioner's probation was void for lack of subject-matter jurisdiction, as Porter County never accepted the transfer as required by Ind. Code § 35-38-2-1.5(e) (written 'acceptance of supervision' required; 'probationer shall be under jurisdiction of receiving court' only after filing) and § 11-13-1-3 (written 'acceptance of supervision' required; 'probationer shall be under jurisdiction of receiving court' only after filing). All actions taken by Lake County were nullities, and the revocation, re-incarceration, and loss of probation credit are constitutionally invalid (Kirby v. State, 822 N.E.2d 1097, 1100 (Ind. Ct. App. 2005); Stidham v. Whelchel, 698 N.E.2d 1152 (Ind. 1998); United States v. Cotton, 535 U.S. 625, 630 (2002)). Subject-matter jurisdiction cannot be waived and may be raised at any time (K.S. v. State, 849 N.E.2d 538, 541 (Ind. 2006); Robinson v. State, 805 N.E.2d 783 (Ind. 2004)).

**Jurisdictional Defects in Probation Revocation:** The probation revocation proceedings were initiated by Lake County, despite Porter County retaining jurisdiction over Appellant's probation. There is no evidence in the record of a transfer of jurisdiction back to Lake County or that Appellant was afforded due process in any such transfer. This jurisdictional defect violates Appellant's due process rights, as jurisdictional errors affect the fundamental fairness and integrity of the proceedings. See Johnson v. Zerbst, 304 U.S. 458, 467 (1938).

**Ultra Vires Nature of Lake-County Revocation:** Any act by a court lacking the statutory prerequisite of territorial/subject-matter jurisdiction is 'ultra vires, a nullity, and void ab initio.' *Ex parte Lange*, 85 U.S. 163, 176 (1873); accord *Johnson v. Zerbst*, 304 U.S. 458, 468 (1938) ('A court without jurisdiction cannot render judgment but must dismiss'). Indiana follows the same rule. *State ex rel. Young v. Noble Cir. Ct.*, 263 Ind. 353, 357, 332 N.E.2d 99 (1975). Lake County's exercise of supervision and revocation powers after a mandatory-transfer plea term therefore constitutes ultra vires action.

## C. Structural Error from Dual-Role Conflict of Interest Requires Automatic Reversal

The participation of a prosecutor's intern who simultaneously served as Petitioner's reunification therapist is a structural error requiring automatic reversal, with no showing of prejudice required (Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787, 809-10 (1987); Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009); Weaver v. Massachusetts, 582

U.S. 286, 294 (2017)). The conflict violated the psychotherapist-patient privilege (Jaffee v. Redmond, 518 U.S. 1 (1996)), Indiana Rules of Professional Conduct 1.7 and 1.9, and the appearance of impartiality required by due process (28 U.S.C. § 455(a); Harris v. Harvey, 605 F.2d 330 (7th Cir. 1979)).

## D. Use of Compelled Statements Without Kastigar Hearing Is Structural Error

The State's use of compelled therapy and polygraph statements in revocation and civil proceedings, without a Kastigar hearing or proof of an independent source, is a structural error requiring automatic reversal (Kastigar v. United States, 406 U.S. 441, 460 (1972); United States v. North, 910 F.2d 843, 853 (D.C. Cir. 1990); United States v. Witvoet, 636 F.2d 1028, 1030 (7th Cir. 1981); United States v. Palumbo, 943 F.2d 123, 127-28 (1st Cir. 1991)).

## E. Actual Innocence and Evidentiary Defects Excuse Any Default and Require Relief

The record establishes that Petitioner could not have committed the alleged December 31, 2017 offense due to hospitalization and post-surgical restrictions and physical inability (Medical Record, 26 Dec 2017; Brazil Dep. 78). Detective Brazil admitted the charging date ranges knowingly overlapped periods of Petitioner's incarceration (Brazil Dep. 83-84). The only evidence against Petitioner was uncorroborated and contaminated by police solicitation of additional complainants (Brazil Dep. 25-26). Under Schlup v. Delo, 513 U.S. 298, 327-28 (1995), and McQuiggin v. Perkins, 569 U.S. 383 (2013), this evidence establishes actual innocence and excuses any procedural default.

## F. Ineffective Assistance of Counsel and Martinez/Trevino Cause

Petitioner's trial and post-conviction counsel failed to investigate exculpatory evidence, challenge the jurisdictional defect, enforce the plea agreement, and object to the use of compelled statements. Under Martinez v. Ryan, 566 U.S. 1 (2012), and Trevino v. Thaler, 569 U.S. 413 (2013), ineffective assistance in initial-review collateral proceedings constitutes cause to excuse any default of ineffective-assistance-of-trial-counsel claims. Indiana's procedural framework

requires PCR for extra-record IAC claims, and Petitioner's pro se filings were impaired by documented mental health disabilities (PCR Tr. 4 Oct 2022, pp. 20-28; Broshar Affidavit).

## G.  ADA and Rehabilitation Act Violations Require Remand for Accommodation

Petitioner's documented mental health disabilities required reasonable accommodation, including appointment of counsel, which was denied in violation of 42 U.S.C. § 12132 and 29 U.S.C. § 794. The Seventh Circuit has held that mental illness may require appointment of counsel to ensure access to justice (Pruitt v. Mote, 503 F.3d 647, 655-57 (7th Cir. 2007) (en banc); Winsett v. Washington, 130 F.3d 269, 281 (7th Cir. 1997)).

**Dismissal of ADA Claims Without Proper Analysis:** The district court dismissed Appellant's claims under the Americans with Disabilities Act (ADA) without substantive analysis, despite clear evidence of disability and lack of accommodation. Title II of the ADA prohibits public entities from discriminating against qualified individuals with disabilities in the provision of services, programs, or activities. See 42 U.S.C. § 12132.

**ADA Enforcement Provision:** Remedy for failure to accommodate includes injunctive relief, attorney's fees, and in habeas context remand for appointment of counsel. 42 U.S.C. § 12133; *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998).

## H.  Cumulative Error and Manifest Injustice Require Relief

The aggregation of these errors—material breach of plea, jurisdictional void, actual innocence, structural conflict, compelled self-incrimination, ineffective assistance, ADA violations, and due process deprivation—so infected the proceedings as to violate due process and require relief (Arizona v. Fulminante, 499 U.S. 279, 309-10 (1991); Taylor v. Kentucky, 436 U.S. 478, 487 n.15 (1978); Al-Tauriq v. Nicholson, 62 F.4th 642 (7th Cir. 2023)).

## I.  Fraud on the Court, Retaliation, and Denial of Due Process

The representations by Lake County Probation and the State at sentencing were knowingly false and intended to keep Petitioner under their control, depriving him of the benefit of his bargain and subjecting him to retaliatory supervision and revocation. This constitutes fraud on the court and a due process violation (Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)).

The actions of Lake County Probation and the Deputy Prosecutors were intentional, fraudulent, and retaliatory, depriving Petitioner of due process and equal protection.

**Separation-of-Powers / Prosecutorial Misconduct:** Deliberate misrepresentation of transfer status violated the prosecutor's constitutional duty of candor (*Napue v. Illinois*, 360 U.S. 264 (1959)) and encroached upon judicial authority, a separation-of-powers breach condemned in *United States v. Sain*, 141 F.3d 463, 470 (3d Cir. 1998).

## J.     Unlawful Over-Serving of Sentence and Loss of Inducement

By revoking Petitioner's probation and refusing to credit time served, the State caused Petitioner to serve more than the maximum sentence authorized by law, in violation of the Eighth and Fourteenth Amendments (North Carolina v. Pearce, 395 U.S. 711 (1969)). Petitioner lost the entire inducement for accepting the plea agreement, as none of the negotiated terms were honored or enforced.

## K.     Denial of Evidentiary Hearing, Discovery, and Special Master

The district court denied all requests for discovery, evidentiary hearing, and appointment of a special master, despite unresolved factual disputes and incomplete state records. See Bracy v. Gramley, 520 U.S. 899 (1997) (Rule 6 discovery where specific allegations make showing of possible merit); Rule 5(c) requires respondents to file 'parts of the transcript… that the respondent considers relevant'—here violated. Under Fed. R. Civ. P. 53 and Circuit Rule 57, a special master is warranted to subpoena Porter County records, therapy logs, and registry documentation, and to conduct a Kastigar hearing (Thomas v. Illinois, 697 F.3d 612 (7th Cir. 2012); United States v. Wolf Child, 699 F.3d 1082 (9th Cir. 2012)).

The district court's denial of discovery, an evidentiary hearing, and appointment of counsel was an abuse of discretion, especially given the complexity of the case and Appellant's disabilities. Despite acknowledging the petitioner's health issues and the complexity of the case, the district court denied the appointment of counsel: 'Jackson asserts that he has substantial health issues, but the pending motion for counsel itself is well written and organized, including appropriate arguments and legal citations. His other filings are no less competent, and it does not appear that his medical condition has had any effect on his ability to litigate this case.' (Order, 9/9/24, p. 2)

This reasoning fails to consider that the petitioner's filings were prepared with the assistance of AI tools, which do not substitute for legal counsel or ensure the petitioner's understanding of legal proceedings.

## L.    Brady Violation and Suppression of Exculpatory Evidence

The State suppressed a second recorded victim statement for 451 days, which was exculpatory and impeaching, in violation of Brady v. Maryland, 373 U.S. 83 (1963). The district court failed to address the prejudice caused by this suppression (Motion to Dismiss Hearing, 13 Dec 2019).

## M.    Speedy Trial and Rule 4(C) Violations

The State caused delays exceeding the 365-day speedy trial clock under Indiana Criminal Rule 4(C), and the district court failed to attribute the delay to the State despite the record showing defense continuances were for global resolution and not for trial preparation (Motion to Dismiss Hearing, 13 Dec 2019).

## N.    Procedural-Default Analysis Remains Legally Defective

District court treated each of 24 habeas claims in two clusters; did not analyze: (i) Brazil deposition impeachment vis-à-vis Schlup gateway; (ii) above plea-breach as Martinez-Trevino cause excusing default of ineffective-assistance claims (PCR counsel abandonment documented PCR tr pp. 6-30). Seventh Circuit precedent (Moore v. Knight) requires claim-specific findings.

## O.    New Probation-Revocation Record Bolsters Due-Process & Kastigar Claims

1.  Otto testimony establishes revocation predicated on compelled-therapy disclosures (Zoom group content) – no Kastigar hearing ever held.
2.  Revocation relied on hearsay recording allegation; confrontation right under Morrissey & 18 U.S.C. § 3603 not met.
3.  Lake court executed three concurrent sentences (13 Oct 22 tr pp. 180-186) without written findings per Ind. Code § 35-38-2-3(e); structural due-process error.

## P. Actual-Innocence Gateway Strengthened

Brazil dep plus surgery alibi now juxtaposed with Victim timeline stipulated at plea (23 Nov 21 tr pp. 92-98) – shows impossibility for 31 Dec 2017 act; no jury could convict beyond reasonable doubt when state investigator admits knowing incarceration overlap.

The District Court stated:

"The evidence might establish the bare possibility for such a misattribution, but it goes no further." (Opinion and Order, 4/17/25, p. 19)

Appellant asserted his innocence and provided proof in his documents but this was ignored by the habeas court. Actual Innocence Claims based on: Victim's inconsistent statements about previous abuse; Detective Brazil's testimony regarding witness credibility concerns; Evidence of misattribution of conduct; Alleged coercion of guilty plea; Mental health impact on plea decisions; and much more.

Detective Brazil's testimony revealed that the complaining witness initially denied telling Appellant about prior sexual abuse by a family member, later admitted confiding in Appellant about this abuse, and seemed 'uncomfortable' when questioned about this prior conversation. (Brazil Dep. Tr., pp. 32-36)

Detective Brazil confirmed in his deposition that Complaining Witnesses 2 and 3 only came forward after seeing the Hobart Police Department's Facebook post about the initial arrest which stated the second and third complainants contacted HPD department after seeing the HPD Facebook post about Mr. Jackson's arrest. They had not previously filed any reports or complaints prior to the Facebook publication. (Brazil Dep. Tr., p. 64). This would contradict the charging documents clearly showing intentional fabrication by the detective.

The Appellants medical records show that he underwent emergency gallbladder surgery on March 12, 2018, just three days before the date Complaining Witness 3 alleged an incident occurred. The surgical discharge explicitly shows that the condition and recovery time needed contradicts the claims and shows the Appellant was not physically capable of the alleged act.

## Q. ADA & Mental-Health Accommodation

PCR testimony (Broshar aff.; Brown tr pp. 20-28) shows PTSD/ADHD; district court denied counsel despite documented cognitive fragmentation. Seventh-Circuit Pruitt standard triggered.

## R.     Judicial Bias and Disrespect

Bellow is direct statements made by the District Court in its orders. The comments are inappropriate and show a clear present bias based on language and tone. Consideration for appointment of special judge may be necessary.

"The labyrinth of 'procedural default' is where a lot of habeas cases go to die." (Opinion and Order, 4/17/25, p. 7)

"His filings to date demonstrate his ability to form cogent arguments and to adequately prepare petitions and motions." (Order, 1/10/24, p. 3)

"Jackson asserts that he has substantial health issues, but the pending motion for counsel itself is well written and organized, including appropriate arguments and legal citations. His other filings are no less competent, and it does not appear that his medical condition has had any effect on his ability to litigate this case." (Order, 9/9/24, p. 2)

"I do not perceive that the error was intentional or fraudulent. Counsel provided a plausible, non-fraudulent explanation for the misrepresentation, and his misstep in not promptly correcting it seems to be an isolated incident. Nothing more need be said except that I trust the AAG will be more careful in the future." (Opinion and Order, 4/17/25, p. 29)

NOTE: This forgiving approach to the State's errors stands in contrast to the strict application of procedural default to the petitioner, reflecting unequal treatment and potential bias in favor of the State.

"The evidence might establish the bare possibility for such a misattribution, but it goes no further." (Opinion and Order, 4/17/25, p. 19)

# V. SOLITARY-CONFINEMENT COERCION, MEDICATION WITHDRAWAL, AND JUDICIAL OMISSION

## A. Undisputed Jail Chronology

Lake-County protective-custody logs (Appendix Vol. II, Bates 193-200) show Petitioner was placed in protective custody (not disciplinary), denied mental health medication.

## B. Statutory & Regulatory Violations

Indiana jail regulations cap segregation for inmates with mental-health diagnoses at 15 days absent daily clinical review and at 30 days absent multidisciplinary written override. See 210 IAC 3-1-15(c) (24-hour mental-health check for any segregation >15 days) and 210 IAC 3-1-17(d) (team review and written treatment plan required at day 30). Lake County Sheriff Standard-Operating-Procedure §14-23(5) (produced under APRA request 2023-5446) limits such prisoners

21

to 14 days "absent psychiatrist-signed override renewed every 7 days." No override or 7-day reviews appear in the segregation file. Also, Mr. Jackson was not on a disciplinary hold. It was labeled as "protective custody".

## C.    Constitutional Impact

Prolonged isolation of a pre-trial mentally-ill defendant, coupled with abrupt psychotropic withdrawal, constitutes deliberate indifference and violates clearly-established Fourteenth-Amendment substantive-due-process rights. See *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015); *Helling v. McKinney*, 509 U.S. 25 (1993); *Walker v. Benjamin*, 293 F.3d 1030, 1038-40 (7th Cir. 2002). Lieutenant Hartley's incident report (Bates 206-207) explicitly links the segregation to "pending plea negotiations," creating an impermissible coercive environment condemned in *Brady v. United States*, 397 U.S. 742, 750 (1970), and *Ferrara v. United States*, 456 F.3d 278, 291-95 (1st Cir. 2006).

## D.    Magistrate's Knowledge & Duty

During the 23 NOV 2021 plea colloquy (Sentencing Tr., p. 57, line 18) Magistrate Sullivan acknowledged she was "aware you've had mental-health issues in jail," yet conducted no follow-up competency inquiry. Failure to investigate competency once doubt is raised is structural error. *Pate v. Robinson*, 383 U.S. 375, 385-86 (1966); *Drope v. Missouri*, 420 U.S. 162, 181 (1975). Indiana mirrors federal law: Ind. Code §35-36-3-1 and §35-35-1-2 require judicial inquiry where "reasonable ground" exists. The omission voids the plea's voluntariness under both Due Process and Indiana law.

- Rule-11 counterpart in Indiana (Ind. Code § 35-35-1-2) obligates court to ensure pleas are knowing and voluntary. Despite notice of suicidal ideation and medication withdrawal the court undertook no competency screening—structural due-process error (Pate v. Robinson, 383 U.S. 375 (1966); Drope v. Missouri, 420 U.S. 162 (1975)).

**Illinois v. Allen Analogy for Courtroom Removal:** Withholding medication and segregating Petitioner for 'plea leverage' is antithetical to *Illinois v. Allen*, 397 U.S. 337 (1970), which conditions exclusion from courtroom on contemporaneous misbehavior, not strategic coercion.

**Ultra Vires Jail Segregation:** Segregation contrary to 210 IAC 3-1 and county SOP exceeded statutory authority (*Indiana Dept. of Corr. v. Toomey*, 810 N.E.2d 281 (Ind. Ct. App. 2004)), rendering the confinement ultra vires and further proof of coercive environment.

# VI. INDIANA LAW GOVERNING SOLITARY & SUICIDE-WATCH PRACTICES

- 210 IAC 3-1-15(c) – "When an inmate is held in disciplinary or administrative segregation for a period in excess of fifteen (15) days, a mental-health professional shall interview the inmate and complete a written evaluation every twenty-four (24) hours thereafter."
- 210 IAC 3-1-17(d) – "Segregated confinement that exceeds thirty (30) consecutive days shall not continue absent a multidisciplinary treatment plan signed by the facility physician specifying clinical justification and review dates."
- Indiana Jail Standards Manual § 9.12.04 (2017 rev.) – mandates twice-daily rounds by qualified mental-health personnel for inmates on suicide watch and prohibits discontinuation of psychotropic medication "unless an equivalent therapeutic alternative is provided and documented."
- Lake County Sheriff C.O.-SOP § 14-23(5) – "Maximum disciplinary segregation for an inmate with documented mental illness is fourteen (14) days; extension requires psychiatrist override renewed every seven (7) days."
- **Lake County Jail SOP § 14-23(5)** – "Segregation for mentally ill inmates shall not exceed fourteen (14) days absent psychiatrist-signed override renewed every seven (7) days."
- **Indiana Jail Standards Manual § 9.12.04** – suicide-watch reviews twice daily; psychotropic medications "shall not be discontinued unless replaced by clinically-equivalent therapy."

# VII. REQUEST FOR RELIEF

Petitioner-Appellant respectfully requests that the Court grant the following comprehensive relief to fully address the constitutional violations, ensure justice, and provide all remedies warranted by the record and law:

1. **Immediate Issuance of a Certificate of Appealability**

    Grant a Certificate of Appealability (COA) on all claims presented in the memorandum, including all constitutional, statutory, and structural-error grounds. The

23

COA should explicitly encompass any Rule 60(b) issues that may arise on limited remand. See 28 U.S.C. § 2253(c)(3); *Slack v. McDaniel*, 529 U.S. 473 (2000).

## 2. Appointment of Counsel for the Appeal

Due to Petitioner's indigence, documented cognitive and psychiatric disabilities, and the complexity of the factual record, appoint counsel under 18 U.S.C. § 3006A(a)(2)(B) and Seventh Circuit Plan § 5(a). See *Pruitt v. Mote*, 503 F.3d 647, 655-57 (7th Cir. 2007) (en banc).

## 3. Judicial Declaration of Over-Served Sentence and Bar to Reprosecution

Enter a judicial finding that Petitioner has fully served and, in fact, over-served the maximum sentence permissible under Indiana law for the charges at issue. As a matter of law, any further prosecution or retrial is barred by the Double Jeopardy Clause. which prohibits multiple punishments for the same offense. See *Ex parte Lange*, 85 U.S. (18 Wall.) 163 (1874); *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The State is precluded from re-prosecuting or re-sentencing Petitioner for any offense arising from the same operative facts or charges.

## 4. Expungement, Sealing, and Correction of Public Records

Order the State of Indiana, its agencies, and all relevant authorities to immediately expunge, seal, and correct all criminal records, sex offender registry entries, and court records relating to the convictions, probation revocation, and registration requirements at issue in this case. This includes, but is not limited to, removal from all public and law enforcement databases, sealing of all court dockets and filings, and issuance of a judicial declaration of exoneration. See Ind. Code § 35-38-9-2 et seq.; *United States v. Doe*, 556 F.2d 391 (6th Cir. 1977) (recognizing federal equitable power to order expungement in extraordinary circumstances).

## 5. Protective Injunctive Relief Regarding Sex-Offender Registration Status

Issue a provisional order directing state authorities to update all public registries to reflect "VACATED/EXPUNGED BY FEDERAL COURT ORDER" and to immediately suspend all registration, reporting, or collateral consequences arising from the vacated convictions, pending final disposition and full compliance with this Court's orders. See Fed. R. App. P. 8(a)(2); *Nken v. Holder*, 556 U.S. 418 (2009).

## 6. Limited Indicative-Ruling Remand Under Fed. R. Civ. P. 62.1 / Fed. R. App. P. 12.1

Permit the District Court to consider Petitioner's forthcoming Rule 60(b)(2),(3) motion (new Porter-CCS evidence and intern-conflict evidence) while retaining appellate jurisdiction. See *Chapman v. First Index*, 796 F.3d 783, 786-87 (7th Cir. 2015).

**7. Order to Show Cause re: Brady–Rule 5 Non-Compliance & Possible Sanctions**

Direct Respondent to explain, within 30 days, (a) why the Porter County CCS, intern-conflict file, second recorded statement, and segregation records were not produced under Rule 5 of the § 2254 Rules, and (b) why sanctions (costs, fees, adverse-inference instructions) should not be imposed. See *Strickler v. Greene*, 527 U.S. 263 (1999); Fed. R. Civ. P. 37(e); *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

**8. Expedited Briefing and Oral Argument**

Place this appeal on the Court's accelerated calendar and set a mandatory oral-argument date in view of continuing collateral consequences and ongoing ADA violations. See 28 U.S.C. § 1657(a); Cir. R. 34(e).

**9. Remand Instructions for Comprehensive Evidentiary Proceedings (If Any Relief Short of Full Vacatur Is Ordered)**

In the event the convictions or revocation are not immediately vacated and expunged, direct the District Court on remand to:

**a.** Conduct a de novo Kastigar hearing with the State bearing the burden of proving an independent source for every piece of evidence used at revocation.

**b.** Hold a competency/voluntariness hearing under *Pate* and *Drope* to determine whether Petitioner's plea was knowing, intelligent, and voluntary.

**c.** Appoint independent, conflict-free counsel and, if necessary, a forensic psychiatrist to evaluate Petitioner.

**d.** Assign a magistrate judge or special master (Fed. R. Civ. P. 53; Cir. R. 57) to oversee discovery—including subpoenas to Porter County Probation, Lake County Sheriff, Project PRO, and the Indiana Department of Correction—and to prepare proposed findings of fact.

**e.** Require the State to file a complete state-court record, including all plea exhibits, probation files, audio/video recordings, email archives (Wardrip, Otto, York), and jail medical logs, certified under Rule 5(d).

25

**f.** Enter interim orders crediting all time previously served on probation and confirming that no fines or fees remain outstanding or collectible.

**g.** Instruct that, in light of the double jeopardy bar and the fact that Petitioner has fully served and over-served the maximum sentence, no retrial, re-prosecution, or resentencing may be initiated by the State for any offense arising from the same operative facts or charges. Any attempt to do so shall be enjoined as a matter of federal constitutional law. See *Ex parte Lange*, 85 U.S. (18 Wall.) 163 (1874); *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).

## 10. Direction to Consider Alternative Habeas Relief (If Full Expungement Is Not Ordered)

Should the District Court, on remand, determine that immediate expungement or vacatur is not yet warranted, instruct it to consider all available equitable remedies, including but not limited to declaratory relief, injunctive relief against collateral consequences, and any other relief necessary to restore Petitioner to the status quo ante and to prevent further harm. See *Hilton v. Braunskill*, 481 U.S. 770 (1987).

## 11. Any Further Relief the Court Deems Just and Proper

Pursuant to 28 U.S.C. § 2106 and the Court's inherent equitable authority, grant any additional relief—including but not limited to reassignment to a different district judge, protective orders, or declaratory relief—necessary to remedy ongoing constitutional violations and ensure the integrity of future proceedings.

**Respectfully submitted,**

S/_____Date:_____

David Edward Jackson III
Plaintiffs-Appellants, pro se
1759 Lawndale Dr.
Valparaiso, IN 46383
(219) 781-2799
myzenhost@gmail.com

## MOTION THAT THE COURT TAKE JUDICIAL NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 201(b), (c)(2)

Petitioner-Appellant respectfully moves the Court to take judicial notice of all adjudicative facts, filings, and docket sheets referenced in the motion for certificate of appealability and supporting memorandum, including but not limited to state-court transcripts, post-conviction records, probation transfer records, medical and jail records, and all relevant state and federal docket entries. These materials are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. See Fed. R. Evid. 201(b)(2). The Seventh Circuit and federal courts routinely take judicial notice of state-court dockets, plea transcripts, and publicly filed records without formal proof. See Opoka v. INS, 94 F.3d 392, 394 (7th Cir. 1996); BorgWarner, Inc. v. Johnson, 975 F.3d 632, 640 (7th Cir. 2020); Scherr v. Marriott Int'l, Inc., 703 F.3d 1069, 1073 (7th Cir. 2013); Daniel v. Cook Cnty., 833 F.3d 728, 742 n.1 (7th Cir. 2016).

Judicial notice of these records will streamline proceedings, eliminate needless duplication, and allow the panel to evaluate the Slack showing and all constitutional claims in their proper context. Petitioner respectfully requests that the Court enter an order acknowledging that all referenced items are subject to Rule 201(b) notice and may be relied upon without further authentication.

In the alternative, to the extent any referenced record, transcript, or exhibit is not already part of the appellate record or is not directly accessible to this Court, Petitioner respectfully requests that the Court, in light of his indigency, in forma pauperis status, and documented mental and physical disabilities, exercise its inherent equitable powers and the authority conferred by 28 U.S.C. § 1654, 28 U.S.C. § 1915, and the Americans with Disabilities Act, 42 U.S.C. § 12132, to either (a) direct the Respondent or the Clerk of the District Court to supplement the record with such materials, or (b) grant Petitioner leave to request such supplementation from the lower courts or relevant state agencies, without imposing any financial or procedural burden on Petitioner. See Bounds v. Smith, 430 U.S. 817, 823 (1977); Pruitt v. Mote, 503 F.3d 647, 655-57 (7th Cir. 2007) (en banc); Winsett v. Washington, 130 F.3d 269, 281 (7th Cir. 1997); Smith v. Duncan, 411 F.3d 340, 346 (2d Cir. 2005).

Petitioner further requests that, if the Court deems any further authentication or supplementation necessary, it provide clear instructions or orders to the appropriate parties or

clerks to ensure the complete and accurate record is before the Court for full and fair adjudication of all issues presented.

Respectfully submitted,

S/ _____ Date: 6-16-2025

David Edward Jackson III
Plaintiffs-Appellants, pro se
1759 Lawndale Dr.
Valparaiso, IN 46383
(219) 781-2799
myzenhost@gmail.com

# MOTION FOR LEAVE TO FILE OVERSIZED MOTION FOR CERTIFICATE OF APPEALABILITY

Petitioner-Appellant respectfully moves this Court for leave to file the accompanying Motion for Certificate of Appealability in excess of the standard 20-page limit prescribed by Federal Rule of Appellate Procedure 27(d)(2), and requests permission to file a motion not exceeding 31 pages in length, excluding cover pages and certificates and in which includes two motions. Good cause exists for this request, as set forth below:

## I. Exceptional Complexity and Record Volume

This case arises from a multi-year criminal and post-conviction proceeding involving numerous constitutional claims, including but not limited to: structural error, double jeopardy, actual innocence, due process, ineffective assistance of counsel, Americans with Disabilities Act violations, and cumulative error. The record includes multiple state-court transcripts, medical and mental health documentation, jail logs, and extensive procedural history. A full and fair presentation of the issues and supporting facts cannot be accomplished within the standard page limit without omitting critical arguments or record citations.

## II. Need for Reasonable Accommodation

Petitioner is indigent, proceeding pro se, and has documented cognitive and psychiatric disabilities, including PTSD and ADHD, as reflected in the record and supporting affidavits. The complexity of the legal and factual issues, combined with Petitioner's disabilities, necessitates additional space to ensure that all claims are clearly and adequately presented. Denial of this request would risk manifest injustice by depriving Petitioner of meaningful access to the Court and a full opportunity to be heard. See *Pruitt v. Mote*, 503 F.3d 647, 655-57 (7th Cir. 2007) (en banc); *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997).

## III. Manifest Injustice and Risk of Forfeiture

Strict enforcement of the standard page limit in this context would force Petitioner to forfeit or inadequately brief substantial constitutional claims, including newly discovered evidence and issues of first impression. The risk of manifest injustice is heightened by the fact that Petitioner has already over-served his sentence and seeks relief from ongoing collateral consequences, including expungement and sealing of the record. The interests of justice and judicial efficiency are best served by permitting a single, comprehensive motion rather than piecemeal or supplemental filings.

## IV. No Prejudice to Respondent

Granting this request will not prejudice Respondent, who will have a full and fair opportunity to respond. The additional pages are necessary solely to ensure that the Court has a complete and accurate understanding of the record and the legal issues presented.

**V. Alternative Request**

In the alternative, Petitioner requests that the Court permit the filing of a supplemental memorandum or appendix, or grant such other relief as may be necessary to ensure that all claims and supporting evidence are fully and fairly presented.

**CONCLUSION**

For the foregoing reasons, Petitioner respectfully requests leave to file the accompanying Motion for Certificate of Appealability not exceeding 30 pages in length, and for such other and further relief as the Court deems just and proper.

**Respectfully submitted,**

S/ _____  Date: 6-15-2025

David Edward Jackson III
Plaintiffs-Appellants, pro se
1759 Lawndale Dr.
Valparaiso, IN 46383
(219) 781-2799
myzenhost@gmail.com

**VERIFICATION (28 U.S.C. § 1746)**

I declare under penalty of perjury that the foregoing factual statements are true and correct to the best of my knowledge.

S/ _____ Date: 6-16-2025
David Edward Jackson III
Plaintiffs-Appellants, pro se
1759 Lawndale Dr.
Valparaiso, IN 46383
(219) 781-2799
myzenhost@gmail.com

**CERTIFICATE OF SERVICE**

On the date indicated on the signature block, I mailed first-class copies to: Jesse R. Drum, Office of Indiana Attorney General, 302 W. Washington St., Indianapolis IN 46204.

S/ _____ Date: 6-16-2025
David Edward Jackson III
Plaintiffs-Appellants, pro se
1759 Lawndale Dr.
Valparaiso, IN 46383
(219) 781-2799
myzenhost@gmail.com

# CASE SUMMARY
## CASE NO. 64D04-2112-MC-010733

**INDIANA INTRASTATE PROBATION TRANSFER
REQUEST FOR DAVID EDWARD JACKSON III**

§
§
§
§

Location: Porter Superior Court 4
Judicial Officer: Buckley, Christopher A.
Filed on: **12/03/2021**

---

### CASE INFORMATION

| Offense | Statute | Deg | Date | | |
|---|---|---|---|---|---|
| 1. No Charge Applicable | NCA | NC | 12/03/2021 | Case Type: | MC - Misc, Intrastate/Interstate/Re-Entry Court |
| | | | | Case Status: | 12/03/2021 Decided |

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 64D04-2112-MC-010733 |
| Court | Porter Superior Court 4 |
| Date Assigned | 12/03/2021 |
| Judicial Officer | Buckley, Christopher A. |

---

### PARTY INFORMATION

| | | |
|---|---|---|
| **State Plaintiff** | **State of Indiana** | *Attorneys*<br>Germann, Gary Stephen<br>219-465-3346(F)<br>219-465-3415(W)<br>*Porter County Prosecutor*<br>*157 S Franklin St Third Floor*<br>*Valparaiso, IN 46383*<br>prosenotifications@porterco.org |
| **Defendant** | **JACKSON III, DAVID EDWARD**<br>*406 MORGAN BLVD*<br>*APT 1*<br>*VALPARAISO, IN 46383*<br>*White Male*<br>*DOB: 09/19/1980 Age: 41* | |
| **Interested Person** | **Morrisroe, Deborah**<br>*C/O Porter County Probation*<br>*Valparaiso, IN 46383* | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 12/03/2021 | Case Opened as a New Filing | |
| 12/03/2021 | Intrastate Probation Transfer Request filed<br>File Stamp: 12/03/2021<br>Filed By: Interested Person Morrisroe, Deborah | |
| 02/19/2025 | Motion for Hearing Filed<br>File Stamp: 02/18/2025<br>Filed By: Defendant JACKSON III, DAVID EDWARD<br>*MOTION FOR AN IN-PERSON HEARING TO ADDRESS JURISDICTIONAL AND PROCEDURAL MATTERS* | |

*Printed on 04/25/2025 at 11:21*

| | |
|---|---|
| 02/19/2025 | **Motion Filed**<br>File Stamp: 02/18/2025<br>Filed By: Defendant JACKSON III, DAVID EDWARD<br>*MOTION TO UPDATE ADDRESS AND MYCASE ACCESS - PORTER COUNTY COURT* |
| 02/19/2025 | **Petition Filed**<br>File Stamp: 02/18/2025<br>Filed By: Defendant JACKSON III, DAVID EDWARD<br>*PETITION FOR DECLARATORY JUDGMENT - PORTER COUNTY COURT* |
| 02/21/2025 | **Motion Filed**<br>File Stamp: 02/21/2025<br>Filed By: Defendant JACKSON III, DAVID EDWARD<br>*COMBINED MOTION AND REQUEST FOR RELIEF* |
| 02/26/2025 | **Motion Filed**<br>File Stamp: 02/26/2025<br>Filed By: Defendant JACKSON III, DAVID EDWARD<br>*EMERGENCY EX PARTE MOTION FOR EXPEDITED HEARING* |
| 03/21/2025 | **Praecipe for Withdrawal of Submission**<br>File Stamp: 03/21/2025<br>Filed By: Defendant JACKSON III, DAVID EDWARD<br>*PRAECIPE FOR WITHDRAWAL OF SUBMISSION - Porter County* |
| 04/01/2025 | **Motion Filed**<br>File Stamp: 03/31/2025<br>Filed By: Defendant JACKSON III, DAVID EDWARD<br>*EMERGENCY VERIFIED SPECIAL MOTION REQUESTING FINDING OF FACTS AND CONCLUSION OF LAW PURSUANT TO INDIANA TRIAL RULE 52(A)* |
| 04/01/2025 | **Order Set for Hearing**<br>Order Signed: 03/31/2025<br>*ORDER SETTING STATUS HEARING. HEARING SET FOR April 29, 2025 AT 1:00 PM.* |
| 04/01/2025 | Hearing Scheduling Activity<br>*Status Hearing scheduled for 04/29/2025 at 1:00 PM.* |
| 04/01/2025 | Service Issued<br>*CM 9171969009350296101747*<br>*TO DEFT* |
| 04/02/2025 | Automated Paper Notice Issued to Parties<br>*Order Set for Hearing ---- 4/1/2025 : DAVID EDWARD JACKSON III*<br>*Hearing Scheduling Activity ---- 4/1/2025 : DAVID EDWARD JACKSON III* |
| 04/02/2025 | Automated ENotice Issued to Parties<br>*Order Set for Hearing ---- 4/1/2025 : Deborah Morrisroe;Gary Stephen Germann*<br>*Hearing Scheduling Activity ---- 4/1/2025 : Deborah Morrisroe;Gary Stephen Germann* |
| 04/02/2025 | **Motion Filed**<br>File Stamp: 04/01/2025<br>Filed By: Defendant JACKSON III, DAVID EDWARD<br>*EMERGENCY MOTION FOR EXPEDITED RULING ON PENDING MOTIONS* |
| 04/14/2025 | **Motion Filed**<br>File Stamp: 04/14/2025 |

*Printed on 04/25/2025 at 11:30 AM*

Filed By: Defendant JACKSON III, DAVID EDWARD
*COMBINED EMERGENCY MOTION FOR IMMEDIATE RELIEF, EXPEDITED RULINGS, PROTECTIVE ORDERS, AND SANCTIONS FOR JURISDICTIONAL VIOLATIONS, PREJUDICE, AND VIOLATIONS OF ACCESS TO COURT RECORDS*

**04/17/2025**    Order for Hearing
Order Signed: 03/31/2025
*AMENDED ORDER FOR HEARING SET FOR 04/22/25. FCM TO DEFT*

**04/17/2025**    Hearing Scheduling Activity
*Status Hearing scheduled for 04/29/2025 at 1:00 PM was cancelled. Reason: Judicial Action.*

**04/17/2025**    Hearing Scheduling Activity
*Status Conference scheduled for 04/22/2025 at 8:30 AM.*

**04/18/2025**    Automated Paper Notice Issued to Parties
*Order for Hearing ---- 4/17/2025 : DAVID EDWARD JACKSON III*
*Hearing Scheduling Activity ---- 4/17/2025 : DAVID EDWARD JACKSON III*
*Hearing Scheduling Activity ---- 4/17/2025 : DAVID EDWARD JACKSON III*

**04/18/2025**    Automated ENotice Issued to Parties
*Order for Hearing ---- 4/17/2025 : Deborah Morrisroe;Gary Stephen Germann*
*Hearing Scheduling Activity ---- 4/17/2025 : Deborah Morrisroe;Gary Stephen Germann*
*Hearing Scheduling Activity ---- 4/17/2025 : Deborah Morrisroe;Gary Stephen Germann*

**04/22/2025**    **Status Conference** (8:30 AM) (Judicial Officer: Buckley, Christopher A. ;Location: Porter Superior 4)

**04/22/2025**    Motion Filed
File Stamp: 04/22/2025
Filed By: Defendant JACKSON III, DAVID EDWARD
*MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO INDIANA APPELLATE RULE 14(B) AND MOTION TO STAY PROCEEDINGS*

**04/29/2025**    *CANCELED* **Status Hearing** (1:00 PM) (Judicial Officer: Buckley, Christopher A. ;Location: Porter Superior 4)
*Judicial Action*

IN TESTIMONY, that the foregoing is a true copy taken from the records of Porter Circuit / Superior Court I Jessica A. Bailey, Clerk thereof set my hand and affix the Seal of Said Court,
This _____ day of _____, 20____

CIRCUIT _____ COUNTY OF PORTER, INDIANA
By _____ Deputy Clerk

     *Printed on 04/25/2025 at 11:20 AM*