NO. 25-1797

# IN THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

DAVID EDWARD JACKSON III,

Petitioner-Appellant,

v.

INDIANA PAROLE BOARD,

Respondent-Appellee.

## PETITION FOR PANEL REHEARING

Date: December 26, 2025

David Edward Jackson III
Plaintiffs-Appellants, pro se
1759 Lawndale Dr.
Valparaiso, IN 46383
(219) 781-2799
myzenhost@gmail.com

U.S.C.A. – 7th Circuit
R E C E I V E D

DEC 2 9 2025

1

Petitioner-Appellant David Edward Jackson III petitions for panel rehearing of the Court's December 18, 2025 order denying a certificate of appealability.

## TIMELINESS

The order was entered December 18, 2025. This petition is submitted for filing on January 2, 2026, within the 14-day rehearing period as extended to the next business day due to the January 1 federal holiday. Fed. R. App. P. 40(a)(1).

## RELIEF REQUESTED

Petitioner requests panel rehearing and issuance of a certificate of appealability under 28 U.S.C. § 2253(c) on two questions:

**(1) Martinez / Procedural Default:** Whether reasonable jurists could debate (a) the correctness of the procedural ruling and (b) the validity of the underlying trial-IAC claim, where the district court acknowledged that the state post-conviction court construed Petitioner's filing as raising trial-counsel misadvice about material plea consequences (residence with family and child visitation), but the court's substantiality analysis evaluated only a different trial-IAC theory (failure to request a Franks hearing).

**(2) Actual-Innocence Gateway:** Whether reasonable jurists could debate the district court's application of Schlup v. Delo, 513 U.S. 298 (1995), and House v. Bell, 547 U.S. 518 (2006), where the court characterized the cumulative record—including law enforcement's documented credibility concerns, delayed disclosure of exculpatory evidence, and admitted medical records supporting timeline inconsistency—as establishing only a "bare possibility," without conducting the required cumulative, probabilistic assessment.

## JURISDICTION AND APPLICABLE STANDARD

This petition seeks rehearing of the order denying a certificate of appealability in this appeal from the denial of habeas relief under 28 U.S.C. § 2254. A certificate of appealability is required under 28 U.S.C. § 2253(c).

A COA should issue when reasonable jurists could debate the district court's resolution of the constitutional claim or conclude the issue deserves encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The COA inquiry is a threshold question, not whether the petitioner will ultimately prevail. Id. at 336-37.

When the district court denies relief on procedural grounds, the petitioner must show reasonable jurists could debate both (1) whether the petition states a valid claim of denial of a constitutional right and (2) whether the procedural ruling was correct. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

2

## REHEARING STANDARD

Rehearing is warranted because the COA denial overlooked or misapprehended the following record-anchored points bearing on whether the issues are debatable under Slack v. McDaniel and Miller-El v. Cockrell:

**1. Martinez Analytical Mismatch:** The district court identified the plea-misadvice/involuntary-plea IAC theory as the one the state post-conviction court construed from Petitioner's filing, yet evaluated Martinez substantiality using a different IAC theory (Franks hearing), creating an analytical mismatch in the cause analysis.

**2. Schlup Cumulative Assessment:** The actual-innocence gateway requires cumulative, probabilistic assessment of the entire record; the district court minimized the combined force of reliability evidence by characterizing it as a "bare possibility" without conducting the required cumulative inquiry.

## ARGUMENT

### I. THE MARTINEZ PROCEDURAL-DEFAULT RULING IS DEBATABLE BECAUSE THE DISTRICT COURT EVALUATED A DIFFERENT IAC THEORY THAN THE ONE IT IDENTIFIED FROM STATE PROCEEDINGS

#### A. The Slack Two-Part Showing: Both Prongs Are Debatable

The district court denied most conviction-related claims on procedural default. ECF 36 at 12-15. Under Slack v. McDaniel, Petitioner must show reasonable jurists could debate both: (1) the correctness of the procedural ruling, and (2) the validity of at least one underlying constitutional claim. 529 U.S. at 484.

Both showings are satisfied here.

#### B. Procedural Ruling Debatability: The Analytical Mismatch

The district court acknowledged that the state post-conviction court construed Petitioner's PCR filing as including two related theories: (1) trial counsel misadvised Jackson about whether the plea agreement would allow him to reside with his family; and (2) the guilty plea was involuntary due to misrepresentations about child visitation rights. ECF 36 at 4.

Petitioner presented facts supporting the plea-misadvice/involuntary-plea theory in the amended petition (ECF 15, Ground Eighteen), and the district court's procedural-history section states the state PCR court construed the filing to include trial-IAC misadvice and involuntary plea theories (ECF 36 at 4). Petitioner invoked the initial-review collateral counsel cause doctrine under Martinez v. Ryan, 566 U.S. 1 (2012), and Trevino v. Thaler, 569 U.S. 413 (2013), to excuse the default.

3

The COA question is not whether the plea was induced by an unfulfilled promise as a matter of state-law plea administration; it is whether trial counsel gave materially inaccurate plea advice about plea consequences that a rational defendant would treat as central to the decision whether to plead guilty.

The plea colloquy confirms these terms were material: "Your probation sentence shall be transferred to Porter County, and visitation with your children will be subject to Porter County probation's discretion." Sentencing Tr. 23 Nov 2021 at 22 (ECF 24-15). Defense counsel testified at PCR that he personally communicated with Porter County Probation, who indicated no bar to family residence and that Petitioner could live at home with his child. PCR Tr. 4 Oct 2022 at 6-30, 38.

Yet when evaluating whether Petitioner established a "substantial" ineffective-assistance claim under Martinez v. Ryan, the district court analyzed only Petitioner's assertion that counsel failed to request a Franks hearing to challenge probable cause. ECF 36 at 14-15. Finding this theory insubstantial (because Franks hearings challenge search warrants, not charging documents), the court concluded no Martinez cause existed. ECF 36 at 13.

Reasonable jurists could debate whether this analytical sequence satisfied Martinez. The substantiality inquiry asks whether the trial-IAC claim "has some merit." Martinez, 566 U.S. at 14. The district court's exclusive focus on the Franks theory—without addressing whether the plea-misadvice theory was substantial—creates a debatable procedural-ruling question under Slack.

Petitioner acknowledges Martinez is a narrow equitable pathway focused on defaulted trial-IAC claims in states that channel such claims to collateral review. Martinez, 566 U.S. at 9; Trevino v. Thaler, 569 U.S. 413, 423 (2013); Coleman v. Thompson, 501 U.S. 722, 752 (1991). Petitioner also acknowledges that Martinez does not extend to other categories of defaulted claims. Davila v. Davis, 582 U.S. 521, 525-26 (2017). Petitioner further acknowledges that evidentiary development in federal habeas is restricted under Shinn v. Ramirez, 596 U.S. 366 (2022), and this COA request addresses the legal and analytical error at the cause/substantiality stage based on the existing record, not a request to expand the record.

But at the COA threshold, reasonable jurists could debate whether the district court's cause analysis properly addressed the trial-IAC theory the court itself identified in the procedural history.

**C. Constitutional-Claim Debatability: The Plea-Misadvice IAC Theory Has "Some Merit"**

4

The underlying constitutional claim is: trial counsel was constitutionally ineffective in advising Petitioner about material plea consequences, rendering the plea unknowing and involuntary in violation of the Sixth Amendment.

The Sixth Amendment's protections extend to the plea-bargaining process. Ineffective assistance principles apply to plea advice and plea decisions. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Padilla v. Kentucky, 559 U.S. 356, 364-69 (2010); Lee v. United States, 582 U.S. 357, 364-66 (2017); Lafler v. Cooper, 566 U.S. 156, 162-63 (2012).

Under Strickland v. Washington, 466 U.S. 668 (1984), as applied to guilty pleas in Hill v. Lockhart, 474 U.S. 52, 58-59 (1985), two elements must be shown:

**1. Deficient Performance:** Counsel gave materially inaccurate advice about a key plea inducement. Here, counsel advised that Porter County would supervise and that Petitioner could reside with family and exercise visitation. Counsel testified he communicated with Porter County Probation who indicated no bar to family residence and that Petitioner could live at home with his child. PCR Tr. 4 Oct 2022 at 38. The anticipated supervision and visitation regime did not occur as represented. Lake County retained control, and Petitioner was denied family residence and visitation. Counsel's advice about these terms—central to the plea decision—proved materially inaccurate.

Courts have recognized that advice about serious collateral consequences can constitute ineffective assistance. Padilla v. Kentucky, 559 U.S. 356, 364-69 (2010); Lee v. United States, 582 U.S. 357, 364-66 (2017). Family residence and visitation with one's children are fundamental interests central to the plea decision. Counsel's assurance about family residence constitutes at least debatably deficient performance.

**2. Prejudice:** There is a reasonable probability Petitioner would have rejected the plea and insisted on going to trial had he known the transfer would not occur and Lake County would retain control. Hill, 474 U.S. at 59. Had I known Porter County would not accept supervision and that I would be prohibited from residing with my family or exercising visitation, I would have rejected the plea and gone to trial. Rejecting the plea would have been rational given that family residence and visitation were the central inducements making the plea acceptable despite lifetime sex-offender registration. The objective record supports this: the plea colloquy confirms these terms were negotiated and material (Sentencing Tr. 23 Nov 2021 at 22, ECF 24-15), and counsel's PCR testimony confirms he communicated with Porter County about family residence (PCR Tr. 4 Oct 2022 at 38).

At the COA stage, Petitioner need only show the claim has "some merit" to be substantial for Martinez purposes. Martinez, 566 U.S. at 14. Both Strickland prongs are debatable, satisfying Slack's constitutional-claim requirement.

### D. The Edwards Constraint Does Not Foreclose COA Debatability

5

Petitioner acknowledges that under Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000), if an IAC claim is asserted as cause but is itself defaulted, the petitioner must show cause-and-prejudice for the IAC default.

Reasonable jurists could debate how Edwards applies here given the procedural history. The district court's procedural-history section acknowledged the state PCR court construed Petitioner's filing as including the plea-misadvice theory. ECF 36 at 4. Petitioner proceeded pro se in substantial portions of PCR after appointed counsel withdrew. ECF 36 at 3-4. The State's brief confirms the PCR court construed and decided the claim. ECF 23-11 at 21. This is precisely the scenario Martinez and Trevino address—where collateral counsel's absence prevents proper presentation of a substantial trial-IAC claim.

**The COA question is:** whether reasonable jurists could debate whether the district court's substantiality analysis—focused exclusively on the Franks theory—properly resolved the cause inquiry under Martinez/Trevino/Edwards, given that the court acknowledged a different IAC theory from state proceedings.

**Both Slack prongs are satisfied:** (1) the procedural ruling is debatable, and (2) the underlying plea-misadvice IAC claim is at least debatably valid.

## II. THE SCHLUP/HOUSE GATEWAY RULING IS DEBATABLE BECAUSE THE DISTRICT COURT DID NOT APPLY THE CUMULATIVE, PROBABILISTIC INQUIRY

### A. The Gateway Standard and What It Opens

The actual-innocence gateway requires evaluating all evidence—old and new—together and making a probabilistic judgment about what reasonable jurors would do. Schlup v. Delo, 513 U.S. at 327-28; House v. Bell, 547 U.S. at 537-38. The Seventh Circuit emphasizes courts must consider "all the evidence" and make a "probabilistic determination." Gladney v. Pollard, 799 F.3d 889, 896 (7th Cir. 2015).

If the gateway is satisfied, the court may reach Petitioner's defaulted constitutional claims challenging the validity of the conviction.

### B. The Guilty-Plea Constraint and Why This Evidence Meets the Standard

Petitioner acknowledges that after a guilty plea, actual-innocence arguments must show factual innocence, not merely legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998). Plea admissions are powerful evidence weighing against gateway relief.

But the gateway exists to test whether new evidence undermines the conviction's reliability. The question is whether, in light of evidence bearing on the victim's credibility,

6

the investigation's integrity, and medical records establishing timeline inconsistency, it is more likely than not that no reasonable juror would convict. Schlup, 513 U.S. at 327-28.

**Here, the evidence changes the factual reliability calculus:**

**1. Law Enforcement's Credibility Assessment:** Detective Brazil testified the victim "seemed" less open than in prior interviews, exhibited uncomfortable demeanor and poor eye contact, and appeared to withhold information. ECF 36 at 9. This is not merely Petitioner's assertion—it is the investigating officer's documented assessment that the victim presented credibility problems.

**2. Delayed Disclosure:** The State withheld the victim's second recorded interview for 451 days, from March 16, 2018 (when charges were filed and the interview was taken) until June 7, 2019. Motion to Dismiss, ECF 24-4 at 70-71. The State acknowledged the delayed production timeline. State's Response, ECF 24-4 at 73.

Detective Brazil admitted in his second deposition (August 30, 2019) that he "was aware the second recorded statement of the alleged Victim held exculpatory evidence." ECF 24-4 at 71. This evidence was unavailable to the defense during plea negotiations, effectively unusable at the time Petitioner pleaded guilty on February 26, 2021.

**3. Medical Records and Timeline Inconsistency:** Petitioner presented medical records to the district court via ECF 27 (USB exhibit containing PowerPoint with embedded PDFs of hospital medical records, Slide 47, Appendix 5a: Medical Records from Gallbladder Surgery, showing admission and discharge dates). The embedded medical records show emergency gallbladder surgery and hospitalization at St. Mary's Medical Center, Hobart, Indiana, from December 26-28, 2017. The alleged offense date for one count was within the charged period and occurred only days after this three-day hospitalization for a complicated procedure. The district court granted the motion to admit this evidence (ECF 36 at 22) but did not address it in its gateway determination (ECF 36 at 11-12).

The COA question is whether reasonable jurists could debate the district court's gateway analysis given the full record the court had before it, including medical records strongly supporting a timeline inconsistency regarding physical ability so soon after emergency surgery requiring extended hospitalization.

**4. Cumulative Assessment:** This evidence is reliable because it comes from law enforcement's own investigation and medical professionals. When weighed cumulatively with the rest of the record, it materially changes the probability that a reasonable juror would convict.

**The district court concluded:** "The evidence might establish the bare possibility for such a misattribution, but it goes no further." ECF 36 at 11. Reasonable jurists could

7

debate this characterization. The gateway standard is not "proof beyond reasonable doubt"—it is "more likely than not that no reasonable juror would convict." Schlup, 513 U.S. at 327-28.

## C. Brady Materiality Supports Gateway Debatability

The suppression of exculpatory evidence during plea negotiations bears on the gateway analysis as reliability evidence. The withheld second interview satisfies Brady's three components:

**1. Favorable Evidence:** The second interview showed victim credibility problems and discomfort discussing prior abuse.

**2. Suppression:** The State withheld the interview for 451 days.

**3. Materiality:** There is a reasonable probability that disclosure would have changed the plea decision. United States v. Bagley, 473 U.S. 667, 682 (1985).

Materiality is assessed cumulatively. Kyles v. Whitley, 514 U.S. 419, 434-35 (1995). Petitioner acknowledges the government is not constitutionally required to disclose impeachment information pre-plea. United States v. Ruiz, 536 U.S. 622, 629 (2002). The withheld interview material here bears on factual innocence and victim credibility reliability. Suppression of evidence bearing on factual innocence during plea bargaining raises due process concerns. McCann v. Mangialardi, 337 F.3d 782, 786-87 (7th Cir. 2003).

## D. Delay Is a Factor, Not a Categorical Bar

Under McQuiggin v. Perkins, 569 U.S. 383, 392 (2013), delay affects reliability assessment, not gateway availability. The key credibility evidence was withheld during plea negotiations through delayed disclosure the State acknowledged. Medical evidence was not addressed by the district court despite being admitted into the record via ECF 27. This supports gateway availability at the debatability threshold.

## E. The District Court's Analysis Is Debatable Under Schlup

The district court noted Petitioner's guilty-plea stipulations constituted "alone sufficient evidence because a victim's testimony, by itself, is enough to support a conviction." ECF 36 at 11-12.

Reasonable jurists could debate whether the district court's gateway analysis conducted the cumulative, probabilistic inquiry required by Schlup and House. The question is whether the new evidence undermines the plea's reliability—whether Petitioner's plea rested on (1) an investigative conclusion (victim credibility) that Detective Brazil's own testimony now casts into doubt, and (2) a timeline that medical records establish was

problematic given emergency surgery and hospitalization ending only days before one alleged offense.

At the COA stage, the question is debatability, not ultimate correctness. Miller-El, 537 U.S. at 336-37. The panel's job at COA is debatability, not merits resolution.

**CONCLUSION**

The two questions presented satisfy the COA threshold under Slack v. McDaniel and Miller-El v. Cockrell. Petitioner has shown that reasonable jurists could debate (1) whether the district court's Martinez/cause analysis properly addressed the plea-misadvice IAC theory the court itself identified, and (2) whether the district court's gateway analysis conducted the cumulative Schlup/House assessment of the entire record including law enforcement credibility concerns, delayed disclosure, and medical records.

These questions are adequate to deserve encouragement to proceed further under Slack v. McDaniel, 529 U.S. 473 (2000).

**WHEREFORE**, Petitioner respectfully requests that this Court grant panel rehearing, vacate the December 18, 2025 order, and issue a certificate of appealability limited to the two questions presented.

Respectfully submitted,

S/ Date: December 26, 2025

David Edward Jackson III
Plaintiffs-Appellants, pro se
1759 Lawndale Dr.
Valparaiso, IN 46383
(219) 781-2799
myzenhost@gmail.com

9

## VERIFICATION (28 U.S.C. § 1746)

I declare under penalty of perjury that the foregoing factual statements are true and correct to the best of my knowledge.

S/_____ Date: December 26, 2025

David Edward Jackson III
Plaintiffs-Appellants, pro se
1759 Lawndale Dr.
Valparaiso, IN 46383
(219) 781-2799
myzenhost@gmail.com

## CERTIFICATE OF COMPLIANCE

This petition complies with the applicable length limitations. The petition contains 3,488 words as calculated by Microsoft Word, excluding the caption, certificates, and signature block. This word count is computer-generated.

S/_____ Date: December 26, 2025

David Edward Jackson III
Plaintiffs-Appellants, pro se
1759 Lawndale Dr.
Valparaiso, IN 46383
(219) 781-2799
myzenhost@gmail.com

## CERTIFICATE OF SERVICE

I certify that on December 26, 2025, I served a copy of this Petition for Panel Rehearing by U.S. Mail (postage prepaid) on:

Jesse R. Drum - Deputy Attorney General
Office of the Indiana Attorney General
IGC South, 5th Floor
302 W. Washington Street
Indianapolis, IN 46204
Counsel for Respondent-Appellee

S/_____ Date: December 26, 2025

David Edward Jackson III
Plaintiffs-Appellants, pro se
1759 Lawndale Dr.
Valparaiso, IN 46383
(219) 781-2799
myzenhost@gmail.com

10